# The Atkin Firm, LLC

Attorneys at Law

55 Madison Avenue, Suite 400
Morristown, NJ 07960

400 Rella Boulevard, Suite 165
Suffern, NY 10901

By: John C. Atkin, Esq.*
 ---
* Member of NJ, NY, and PA Bar

Tel: (973) 314-8010
Fax: (833) 693-1201
Email: JAtkin@atkinfirm.com

April 22, 2022

**VIA ECF**

Hon. Gerald A. McHugh, U.S.D.J.
U.S. District Court for the E. District of Penn.
601 Market Street
Philadelphia, PA 19106

  **Re: Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 68.82.243.29**
     **Dkt. No. 2:22-cv-00784-GAM**

Judge McHugh,

  As Your Honor is aware, I represent Plaintiff Strike 3 Holdings, LLC in the above-referenced matter. I write to respectfully enclose a recent decision, issued by Hon. Karen S. Marston, U.S.D.J., in *Strike 3 Holdings, LLC v. Doe*, No. 21-3702, D.E. 29 (E.D. Pa. Apr. 22, 2022), as supplemental authority in further support of Plaintiff's opposition to John Doe Subscriber Assigned IP Address 68.82.243.29's ("Doe") Motion to Quash Subpoena or in the Alternative for a Protective Order [D.E. 6].

  In the enclosed matter, the ISP responded to a court-authorized subpoena and identified the defendant's wife as the subscriber assigned the IP address at issue. Nevertheless, Plaintiff did not reflexively proceed against the subscriber, but instead investigated that information to identify the defendant as the infringer and amend its pleadings (under temporary seal, at Plaintiff's request) accordingly. No. 21-3702, D.E. 7, 8. Plaintiff also consented to the defendant's motion to proceed under a pseudonym on the public document and to permanently seal documents identifying the defendant (and, in fact, *drafted* those motion papers for the defendant). No. 21-3702, D.E. 24.

  The defendant filed a motion to dismiss, which the Court denied because (1) as the Court correctly observed, "Plaintiff is *not* required to prove that Defendant is the infringer or disprove that someone other than Defendant is the infringer" at the pleading stage to state a claim, and (2) the Court found that Plaintiff's investigation of the subpoena response and its other infringement evidence sufficiently enabled Plaintiff to identify the defendant—who turned out to not be the subscriber/account holder—as the infringer. No. 21-3702, D.E. 29 at 1 n.1. (Emphasis original).

  Plaintiff respectfully submits that this recent decision further underscores that (1) neither Doe's denial of liability nor his offer to waive service forms a valid basis to quash the subpoena

1

Hon. Gerald A. McHugh, U.S.D.J.
April 22, 2022

in this matter, because Plaintiff requires the ISP response to investigate and identify the infringer and amend its pleading (even if that infringer turns out to be someone other than Doe), and (2) Doe's *ad hominem* attacks on Plaintiff are unfounded.

      Thank you for your attention to this matter.

                                Respectfully submitted,

                                */s/ John C. Atkin*

Encl.                                              John C. Atkin, Esq.

cc:    William J. Levant, Esq. (via ECF)

## CERTIFICATE OF SERVICE

      Pursuant to Local Civil Rule 5.1.2(8)(b), I certify that on the date set forth below, I caused a copy of Plaintiff's April 22, 2022 letter correspondence and attached supplemental authority in further opposition to Doe's motion to quash to be filed electronically and that it is available for viewing and downloading from the ECF system.

Dated: 4/22/2022                      By: */s/ John C. Atkin*
                                                    John C. Atkin, Esq. (326957)